UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



PS

RANDOLPH CHASE,

    Petitioner,

v.

JULIE WOLCOTT,

    Respondent.

21-CV-06254 EAW
ORDER

*Pro se* Petitioner Randolph Chase ("Petitioner"), an inmate at the Orleans Correctional Facility, seeks relief under 28 U.S.C. § 2254. On April 1, 2021, this Court administratively terminated the case because Petitioner failed to pay the $5.00 filing fee or file a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Dkt. 2). In the same Order, Petitioner was granted leave to reopen his case upon payment of the fee or by filing a motion to proceed IFP, which he did on April 15, 2021. (Dkt. 4). The Court then entered an Order (Dkt. 5) transferring the matter to the United States District Court for the Northern District of New York (the "Northern District") on April 26, 2021, and the case in this District was closed when a new case was opened in the Northern District.

The Northern District transferred the Petition back to this Court on April 29, 2021, based on that court's understanding that the case was still closed pursuant to the Court's administrative termination order. (Dkt. 6). To avoid any further confusion, this Court now clarifies that the judgment administratively terminating the action (Dkt. 3) has been vacated and the matter has been reopened, and transfers the Petition back to the Northern District.

As stated in the Court's prior transfer order, Petitioner challenges a prison

1

disciplinary hearing conducted at the Cayuga Correctional Facility ("Cayuga CF"), which is located within the geographical boundaries of the Northern District. The records related to the Petitioner's disciplinary hearing and sentence will be thus be located in the Northern District. Accordingly, the Northern District, which has concurrent jurisdiction to entertain the Petition, is the more appropriate forum. See 28 U.S.C. § 2241(d) (providing that a habeas corpus application made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts "<u>may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him</u> and each of such district courts shall have concurrent jurisdiction to entertain the application" and that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination") (emphasis added); *Brooks v. Strack*, No. 98-CV-6528 (JG), 1999 WL 672949, at *4 (E.D.N.Y. Aug. 25, 1999) (habeas corpus proceeding challenging parole hearing transferred to district where hearing was held because the "underlying controversy involves material events that took place, for the most part, during [the petitioner's] parole hearing") (internal quotation marks omitted).

Therefore, this case is transferred to the United States District Court for the Northern District of New York.

SO ORDERED.

Dated:  May 6, 2021
        Rochester, New York

ELIZABETH A. WOLFORD
UNITED STATES DISTRICT JUDGE

2